562087-3

FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE EMPLOYERS' FIRE INSURANCE CO. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| ANTONIO BARAJAS, M.D.; | ) | CA 14- 230S |
| MEDICAL SERVICES OF | ) | |
| RHODE ISLAND, INC.; | ) | |
| NES ADMINISTRATIVE SERVICES, INC.; | ) | |
| NES AMERICAS INC.; THE RAPPAPORT | ) | |
| FAMILY TRUST; MICHAEL RAPPAPORT, | ) | |
| as Trustee of THE RAPPAPORT FAMILY | ) | |
| TRUST; ERIC CHRISTIAN HEDEN, | ) | |
| as Trustee of THE RAPPAPORT FAMILY | ) | |
| TRUST; SOUTHPAC TRUST | ) | |
| INTERNATIONAL, INC.; AND | ) | |
| ALLAN H. RAPPAPORT, M.D., Settlor of | ) | |
| THE RAPPAPORT FAMILY TRUST | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff The Employers' Fire Insurance Co. ("Employers") for its Complaint against defendants alleges:

### PARTIES

1. The Employers' Fire Insurance Company is a Massachusetts company with a principal place of business in Minnetonka, Minnesota.

2. Defendant Antonio Barajas, M.D. ("Dr. Barajas") is, on information and belief, a Rhode Island citizen and resident.

3. Defendant Medical Services of Rhode Island ("MSRI") is, on information and belief, a Rhode Island corporation with a principal place of business in North Carolina.

4. Defendant NES Administrative Services, Inc. is, on information and belief, a Missouri corporation with a principal place of business in North Carolina.

5. Defendant NES Americas, Inc. is, on information and belief, a Missouri corporation with a principal place of business in North Carolina.

6. On information and belief, Defendants MSRI; NES Administrative Services; and NES Americas, Inc. are subsidiaries and/or affiliates of NES Healthcare Group ("NES").

7. Defendant Rappaport Family Trust is, on information and belief, a Cook Islands trust.

8. On information and belief, the Rappaport Family Trust is a trust maintained to administer and manage the assets of the Rappaport family, including defendant Allan H. Rappaport, M.D.

9. On information and belief, Defendant Michael Rappaport is a resident of the State of Oregon and is a trustee of the Rappaport Family Trust.

10. On information and belief, Defendant Eric Christian Heden is a resident of the State of California and is a trustee of the Rappaport Family Trust.

11. On information and belief, Defendant Southpac Trust International, Inc. is a corporation located in Rarotonga, Cook Islands South Pacific and is a trustee of the Rappaport Family Trust.

12. Defendant Allan H. Rappaport, M.D. is, on information and belief, a citizen and resident of the State of Washington and a citizen and resident of the State of California.

13. On information and belief, defendant Allan H. Rappaport, M.D. is the founder of NES and the Settlor of the Rappaport Family Trust.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because plaintiff and defendants are of completely diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

15. All defendants have sufficient minimum contacts with Rhode Island such that this Court has general or specific personal jurisdiction over them.

16. Venue is proper in this Court under 28 U.S.C. § 1391(a) because one or more of the defendants reside in this judicial district and/or a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## BACKGROUND

17. On February 4, 2009 and February 6, 2009, Salvatore Minetta was a patient in the emergency department of Roger Williams Medical Center.

18. Thereafter, Linda Nill, as Guardian of Salvatore Minetta filed a lawsuit in the Providence County Superior Court, Linda Nill v. Antonio Barajas, M.D., et al, C.A. No. PC09-1840, alleging inter alia, that the care and treatment rendered to Mr. Minetta at Roger Williams Medical Center was negligent, and as a result of that negligence, he sustained serious injuries.

3

19. Roger Williams Medical Center denied the allegations of Ms. Nill's complaint.

20. During the course of litigation, Roger Williams Medical Center learned that the plaintiff's allegations against Roger Williams Medical Center were based solely upon alleged vicarious liability for the care provided by Defendant Antonio Barajas, M.D.

21. At all relevant times, Defendant Dr. Barajas was working at Roger Williams Medical Center pursuant to a contract, entitled "Emergency Medical Services Agreement," in effect between Roger Williams Medical Center and NES/MSRI.

22. The contract required NES/MSRI to "defend, indemnity and hold [Roger Williams Medical Center] harmless from any and all claims, demands, suits, and causes of action and from any and all damages, losses, costs, fees (including but not limited to reasonable attorney's fees, expert witness fees, accounting fees, court fees, and other fees) and expenses of any kind or nature whatever arising out of either; (i) the negligent acts or omissions of NES or any Professional; or (ii) NES' failure to perform its obligations under this agreement."

23. At all relevant times, Defendant Dr. Barajas was an employee and/or agent of Defendant NES/MSRI pursuant to a "Physician Agreement," and was considered a "Professional" under the Emergency Medical Service Agreement.

24. Pursuant to the Physician Agreement, NES/MSRI agreed to "procure on behalf of [Dr. Barajas] from a reputable and solvent insurance company, Professional Liability Insurance insuring the Physician solely for the medical services rendered pursuant to this Agreement at particular medical institutions under contract with [NES/MSRI]

4

with coverage limits of no less than $1 million per claim and $3 million in the annual aggregate."

25. Pursuant to the Emergency Medical Services Agreement, NES/MSRI represented that each physician providing services to Roger Williams Medical Center through NES/MSRI "shall carry medical malpractice insurance in an amount not less than One Million Dollars ($1,000,000.00) per occurrence and Three Million Dollars ($3,000,000.00) per annual aggregate."

26. On June 25, 2008, NES/MSRI provided Roger Williams Medical Center a certificate of insurance reflecting a Medical Professional Liability Claims Made policy issued by Red Mountain Casualty Insurance Company to "National Emergency Services, Inc. NES Holdings Inc., Affiliates and Subsidiary Companies."

27. On information and belief, Red Mountain Casualty is now known as ProAssurance Specialty Insurance Company, Inc.

28. NES/MSRI did not defend, indemnify, and hold Roger Williams Medical Center harmless in the underlying suit, Linda Nill v. Antonio Barajas, M.D., et al, C.A. No. PC09-1840.

29. At all relevant times, OneBeacon provided professional liability insurance for Roger Williams Medical Center under Employers Fire Insurance Policy Number: MPX-1759-08. Pursuant to the subrogation clause of Roger Williams Medical Center's Employers Fire Insurance policy, Employers "will be subrogated to all [Roger Williams Medical Center's] rights of recovery against any person or entity * * *."

30. After advising NES/MSRI and NES/MSRI's insurer, Red Mountain Casualty, and requesting participation in settlement, which NES/MSRI declined to do, Employers resolved the claims of the plaintiffs against Roger Williams Medical Center by negotiating a settlement in exchange for the payment of a sum certain. The plaintiffs continued to pursue claims against Barajas and NES/MSRI, who refused to participate in the settlement, as well as other defendants.

## COUNT I
## CONTRACTUAL INDEMNIFICATION
### DEFENDANT MEDICAL SERVICES OF RHODE ISLAND

31. Employers repeats, re-avers and re-alleges all preceding paragraphs as if set forth at length herein.

32. Pursuant to the Emergency Medical Services Agreement, Roger Williams Medical Center is entitled to indemnification from MSRI for the entire amount of the payment made to Linda Nill, as Guardian of Salvatore Minetta in settlement of the lawsuit Linda Nill v. Antonio Barajas, M.D., et al, C.A. No. PC09-1840.

33. Although Roger Williams Medical Center made a demand for defense and indemnity, MSRI refused to comply with its contractual and other legal obligations.

34. Pursuant to the Subrogation Clause in Roger Williams Medical Center's Employers professional liability insurance policy, Employers is subrogated to the recovery rights of Roger Williams Medical Center.

WHEREFORE, Employers demands judgment against MSRI for contractual indemnity for all of the payments made by Employers to Linda Nill, as Guardian of Salvatore Minetta in the lawsuit Linda Nill v. Antonio Barajas, M.D., et al, C.A. No. PC09-

6

1840, including damages, losses, costs, fees (including but not limited to reasonable attorney's fees, expert witness fees, accounting fees, court fees, and other fees) and expenses.

**COUNT II**
**EQUITABLE INDEMNIFICATION**
**DEFENDANTS DR. BARAJAS & MEDICAL SERVICES OF RHODE ISLAND**

35. Employers repeats, re-avers and re-alleges all preceding paragraphs as if set forth at length herein.

36. The damages allegedly sustained by the plaintiff in the underlying lawsuit were not proximately caused in whole or in part by any acts or omissions on the part of Roger Williams Medical Center. Any alleged liability of Roger Williams Medical Center in the underlying lawsuit is solely derivative of the acts and/or omissions of MSRI and Dr. Barajas, the alleged apparent agent of Roger Williams Medical Center.

37. The damages allegedly suffered by the plaintiff in the underlying lawsuit were proximately caused solely by the acts, omissions, and/or negligence of MSRI and Dr. Barajas.

38. Although Roger Williams Medical Center has made a demand for defense and indemnity, MSRI and Dr. Barajas have refused to accept that demand.

39. Pursuant to the Subrogation Clause in Roger Williams Medical Center's Employers professional liability insurance policy, Employers is subrogated to the recovery rights of Roger Williams Medical Center.

WHEREFORE, Employers demands judgment against Dr. Barajas and MSRI for equitable indemnity for all of the payments made by Employers to Linda Nill, as Guardian

of Salvatore Minetta in the lawsuit <u>Linda Nill v. Antonio Barajas, M.D., et al</u>, C.A. No. PC09-1840.

## COUNT III
### BREACH OF CONTRACT – DUTY TO DEFEND
### DEFENDANT MEDICAL SERVICES OF RHODE ISLAND

40. Employers repeats, re-avers and re-alleges all preceding paragraphs as if set forth at length herein.

41. MSRI has breached the Emergency Medical Services Agreement in that it failed to defend and indemnify Roger Williams Medical Center for the negligent acts and/or omissions of MSRI and Dr. Barajas alleged in the lawsuit <u>Linda Nill v. Antonio Barajas, M.D., et al</u>, C.A. No. PC09-1840.

42. As a result of MSRI's breach, Employers, as insurer of Roger Williams Medical Center, has incurred financial damages, losses, costs, fees (including attorney's fees and other fees) and expenses.

43. Pursuant to the Subrogation Clause in Roger Williams Medical Center's Employers professional liability insurance policy, Employers is subrogated to the recovery rights of Roger Williams Medical Center.

WHEREFORE, Employers demands judgment against MSRI for breach of contract for all of the costs it incurred in defending the lawsuit <u>Linda Nill v. Antonio Barajas, M.D., et al</u>, C.A. No. PC09-1840.

## COUNT IV
## ATTORNEYS' FEES
### DEFENDANT MEDICAL SERVICES OF RHODE ISLAND

44. Employers repeats, re-avers and re-alleges all preceding paragraphs as if set forth at length herein.

45. Pursuant to the Subrogation Clause in Roger Williams Medical Center's Employers professional liability insurance policy, Employers is subrogated to the recovery rights of Roger Williams Medical Center.

46. Pursuant to Rhode Island General Laws § 9-1-45, Employers is entitled to its attorneys' fees in connection with this action.

WHEREFORE, Employers demands judgment against MSRI for all of the attorneys' fees it incurs in pursuing this lawsuit.

## COUNT V
## JOINT VENTURE LIABILITY
### ALL DEFENDANTS

47. Employers repeats, re-avers and re-alleges all preceding paragraphs as if set forth at length herein.

48. The defendants, and each of them, undertook to jointly carry out a single business enterprise for profit—namely, the provision of medical services to the emergency room at Roger Williams Medical Center.

49. The defendants, and each of them, were bound by an express and/or implied agreement providing for a community of interests.

50. The defendants, and each of them, were bound by an express and/or implied agreement providing for joint or mutual control and an equal right to direct and govern the undertaking.

51. The defendants, and each of them, agreed to share profits and losses.

52. Accordingly, the defendants, and each of them, engaged in a joint venture.

53. As joint venturers, the negligence of each defendant is imputed to all other defendants.

WHEREFORE, Employers demands judgment against all defendants.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

The Plaintiff,
By its Attorneys,

*/s/*

Francis A. Connor, III | R.I. Bar No. 4640
fconnor@bartongilman.com
Robert C. Shindell | R.I. Bar No. 5269
rshindell@bartongilman.com
Kristen M. Whittle | R.I. Bar No. 8252
kwhittle@bartongilman.com
BARTON GILMAN LLP
10 Dorrance Street, Suite 800
Providence, RI 02903
401.273.7171 | 401.273.2904 – Fax